### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP JOHN ROBERSON JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    20-03318** |
| **JUDGE DAVID ARCENEAUX** | **SECTION: "D" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1)**.

## I.    Background

The plaintiff, Phillip John Roberson, Jr. (Roberson), is a pretrial detainee housed in the Terrebonne Parish Criminal Justice Complex awaiting trial on his pending charges.  He alleges that Judge David Arceneaux of the 32nd Judicial District Court  recused himself  from his pending criminal case because he stated that he knew Roberson's family but previously sentenced him in open court on March 17, 2010.  Rec. doc. 1.   Roberson contends that Judge Arceneaux knew his family when his brother, Edward Lee Roberson, appeared before him noting that his name sounded familiar to him.  He also alleges that he and his brother appeared before Judge Arceneaux as co-defendants on misdemeanor charges.  Id.

Roberson contends that he now seeks a reversal of each, and every conviction rendered by Judge David Arceneaux, and an expungement from his record. *Id*.  He further seeks monetary compensation for the five years at hard labor he served because Judge Arceneaux should have recused himself from the original case. Id.

## II.  <u>Standard of Review</u>

Title 28 U.S.C. §1915A and Title 42 U.S.C.§ 1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. See *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), modified on this grounds, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.  Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are a clearly baseless category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hisnandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Having set forth the applicable standard, the Court must therefore determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); see *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.  <u>Judicial Immunity</u>

Roberson concedes that he has sued Judge Arceneaux seeking monetary damages for his rulings and demeanor during his pretrial criminal proceedings.  However, Roberson does not specify in his complaint whether he is suing Judge Arceneaux in his individual or official capacity.

When a §1983 plaintiff does not specify in the complaint whether the defendant is named in their individual or official capacity, by operation of law, it is presumed that the defendant is named in their official capacity. *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000); *Wells v. Brow*n, 891 F.2d 591, 593 (6th Cir. 1989). The issue therefore is whether Judge Arceneaux is immune from suit in his official capacity for his actions during the criminal proceedings.

Whereas here, a plaintiff seeks damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Boyd*, 31 F.3d at 284. It is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise her authority free from apprehension as to any personal consequences she may face. See *Mireles v. Waco*, 502 U.S. 9, 10 (1991). As a principle, absolute immunity is justified "by the long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 435 (1993).

Consistent with these principles, allegations of bad faith or malice do not defeat judicial immunity. Rather, it is only overcome where a judge's actions are non-judicial or taken in the complete absence of all jurisdictions. *Mireles*, 502 U.S. at 11. The scope of the judge's jurisdiction, however, must be broadly construed. *Stump v. Sparkman*, 435 U.S. 349, 373 (1978). The relevant cases demonstrate that the factors determining whether an act by a judge is a judicial one relates to the nature of the act itself (whether it is a function normally performed by a judge) and to the expectations of the parties (whether they dealt with the judge in his judicial capacity). Id. at. *Stump*, 435 U.S. at 362.

Therefore, the proper inquiry as to the existence of jurisdiction is whether the challenged action was obviously taken outside the scope of the judge's power.  Id. at 356, 373.  An action taken in the very aid of the judge's jurisdiction over a matter before him . . . cannot be said to have been taken in the absence of jurisdiction. Id at  *Mireles*, 502 U.S. at 13.

In the instant case, Judge Arceneaux presided over Roberson prior criminal proceeding and consequently sentenced him to serve a five-year sentence.  This was clearly an action within his judicial capacity for which he is immune.

Additionally, Roberson complains that since the original judicial action, when he appeared before him subsequently, the judge recused himself.  The act of recusal is a purely judicial act. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978), overruled on other grounds, *Sparks v. Duval County Ranch Co*., 604 F.2d 976 (5th Cir.) (en banc), aff'd, 449 U.S. 25 (1979).   The act of recusing himself is also an act within his judicial capacity for which he is immune.

Consequently, the Court finds that Judge Arceneaux is immune from suit in his official capacity arising from the claims asserted by Roberson as such, the § 1983 claims against Judge Arceneaux are subject to dismissal.

## IV. <u>Recommendation</u>

For the reasons assigned herein, it is **RECOMMENDED** that Phillip John Roberson, Jr. Title 42 U.S.C. §1983 claims against Judge David Arceneaux be **DISMISSED WITH PREJUDICE**, as legally frivolous and for seeking monetary damages against a defendant who is immune from such relief, pursuant to Title 28 U.S.C.§1915(e)(2) and Title 42 U.S.C.§1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 29th day of March, 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**